## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HOWMET AEROSPACE INC.,<br><br>*Plaintiff,*<br><br>v.<br><br>STANLEY ENGINEERED FASTENING, LLC,<br>AVDEL UK LTD., and<br>AVDEL HOLDING LIMITED<br><br>*Defendants.* | Civil Action No. _____ |

### PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Howmet Aerospace Inc. (hereinafter "Howmet") brings this Complaint for patent infringement against Defendants Stanley Engineered Fastening, LLC (hereinafter "SEF"), Avdel UK Ltd. (hereinafter "Avdel UK"), and Avdel Holding Limited (hereinafter "Avdel Holding") (Avdel UK and Avdel Holding collectively referred to as "Avdel") (collectively as to all Defendants, "Stanley" or "Defendants") and alleges as follows:

### THE PARTIES

1.      Howmet is a Delaware corporation, having its principal place of business at 201 Isabella St, Ste 200, Pittsburgh, Pennsylvania 15212.

2.      On information and belief, SEF is a Delaware limited liability company having its principal place of business at 1 W Pennsylvania Ave, Towson, Maryland 21204. SEF has a registered agent at Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

3.      On information and belief, Avdel UK is a United Kingdom limited company having its principal place of business at 43 Hardwick Grange, Woolston, Warrington, England, WA1 4RF,

United Kingdom.

4.      On information and belief, Avdel UK owns the U.S. trademark registration for the AVDEL trademark and AVBOLT trademark.

5.      On information and belief, Avdel UK actively supports SEF through the development and launch of new products.

6.      On information and belief, Avdel UK and Avdel Holding are subsidiaries of SEF.

7.      On information and belief, Avdel Holding is a United Kingdom limited company having its principal place of business at 43 Hardwick Grange, Woolston, Warrington WA1 4RF, United Kingdom.

8.      On information and belief, Avdel UK is wholly owned by Avdel Holding.

## JURISDICTION AND VENUE

9.      This action arises under the patent laws of the United States, Title 35 of the United States Code. Accordingly, this Court has exclusive subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

10.     On information and belief, Avdel UK is subject to this Court's specific personal jurisdiction pursuant to due process and/or the Delaware Long Arm Statute, due at least to their substantial business in this State and judicial district, including: (a) conducting at least part of their infringing activities alleged herein; and (b) regularly doing or soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from infringing goods offered for sale, sold, made, and/or imported to Delaware residents vicariously through and/or in concert with their intermediaries, distributors, importers, customers, and/or subsidiaries or affiliates. Avdel UK has purposefully availed themselves of the privileges of conducting business in the United States and, more specifically, in Delaware and this district by placing the Accused Product (defined below) and/or Stanley Installation Tools (defined below) to install the Accused Product into the stream of commerce

through an established distribution channel with awareness and/or intent that they will be purchased and/or installed by consumers in this district.

11.　　Alternatively, this Court may exercise jurisdiction over Avdel UK pursuant to Fed. R. Civ. P. 4(k)(2) because (1) Howmet's claims arise under federal law; (2) Avdel UK is a foreign defendant not subject to personal jurisdiction in any state's court of general jurisdiction; and (3) Avdel UK has sufficient contacts with the United States as a whole, including but not limited to having made, used, sold, offered to sell, and/or imported into the United States the Accused Product and/or Stanley Installation Tools to install the Accused Product, such that this Court's exercise of jurisdiction over Avdel UK satisfies due process.

12.　　On information and belief, Avdel Holding is subject to this Court's specific personal jurisdiction pursuant to due process and/or the Delaware Long Arm Statute, due at least to their substantial business in this State and judicial district, including: (a) conducting at least part of their infringing activities alleged herein; and (b) regularly doing or soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from infringing goods offered for sale, sold, made, and/or imported to Delaware residents vicariously through and/or in concert with their intermediaries, distributors, importers, customers, and/or subsidiaries or affiliates. Avdel Holding has purposefully availed themselves of the privileges of conducting business in the United States and, more specifically, in Delaware and this district by placing the Accused Product and/or Stanley Installation Tools to install the Accused Product into the stream of commerce through an established distribution channel with awareness and/or intent that they will be purchased and/or installed by consumers in this district.

13.　　Alternatively, this Court may exercise jurisdiction over Avdel Holding pursuant to Fed. R. Civ. P. 4(k)(2) because (1) Howmet's claims arise under federal law; (2) Avdel Holding is a foreign

defendant not subject to personal jurisdiction in any state's court of general jurisdiction; and (3) Avdel Holding has sufficient contacts with the United States as a whole, including but not limited to having made, used, sold, offered to sell, and/or imported into the United States the Accused Product and/or Stanley Installation Tools to install the Accused Product, such that this Court's exercise of jurisdiction over Avdel Holding satisfies due process.

14.    Personal jurisdiction exists over SEF because it is a limited liability company organized and existing under the laws of Delaware.

15.    On information and belief, SEF, Avdel UK, and Avdel Limited hold themselves out as a unitary entity and operate as a single integrated business with respect to the sale and distribution of blind fasteners throughout the United States, including in this judicial district. *See STANLEY® Engineered Fastening Global Locations*, STANLEY ENGINEERED FASTENERS, https://www.stanleyengineeredfastening.com/en/Global-Locations#f:countryandregion=[Europe%2C%20Middle%20East%20%26%20Africa%7CUnited%20Kingdom] (last visited Oct. 30, 2025).

16.    Venue is proper in this district as to SEF under 28 U.S.C. §§ 1391 and 1400(b) because it is a limited liability company organized and existing under the laws of Delaware and resides in Delaware for purposes of venue under 28 U.S.C. § 1400(b).

17.    Venue is proper in this district as to Avdel UK under 28 U.S.C. § 1391(c)(3) because Avdel UK is a foreign corporation and may be sued in any judicial district in the United States where Avdel UK is subject to the court's personal jurisdiction. For reasons set forth above, Avdel UK is subject to personal jurisdiction in this district.

18.    Venue is proper in this district as to Avdel Holding under 28 U.S.C. § 1391(c)(3) because Avdel Holding is a foreign corporation and may be sued in any judicial district in the United

States where Avdel Holding is subject to the court's personal jurisdiction. For reasons set forth above, Avdel Holding is subject to personal jurisdiction in this district.

<strong><u>THE ASSERTED PATENT</u></strong>

19.     Howmet has been a technology leader in engineered metal products for many years, and has been awarded many patents, including U.S. Patent No. 11,885,358 (hereinafter the "'358 patent" or the "Asserted Patent").

20.     The '358 patent is titled "Blind fastener and method of installation thereof" and was duly and legally issued by the United States Patent and Trademark Office (hereinafter "USPTO") on January 30, 2024. Howmet is the owner and assignee of all substantial rights in the '358 patent, a copy of which is attached as Exhibit A.

<strong><u>FACTUAL BACKGROUND</u></strong>

21.     When assembling various structures, numerous mechanical fasteners may be used. A traditional method of fastening two parts together is to use a threaded bolt with a nut. However, both sides of the structure must be accessible for tools, as the bolt or nut needs to be held stationary as its counterpart is turned and tightened.



22.     This presents issues in applications where only one side of a structure is accessible or space is limited, thus requiring a fastening method that allows for fastening from only a single side.

These types of fasteners are typically referred to as blind fasteners. While there are various types of blind fasteners, they generally operate by deforming one side of the fastener to create a compression force, fastening the two surfaces together.

23.    Howmet invented a type of blind fastener that uses a mandrel and sleeve design to produce improved strength and vibration resistance compared to other blind fasteners. It accomplishes this by squeezing, or swaging, the sleeve onto the mandrel.



24.    One product line offered by Howmet, the BOMTail®, does not require the mandrel to be broken off of the fastener, unlike other products. This has a variety of advantages. It creates a more corrosion resistant fastener as the mandrel fracturing would normally create an exposed metal surface potentially prone to corrosion. A more compact and/or less powerful installation tool can be used to install the fastener, as the tool no longer needs to fracture the mandrel, reducing the force required to install the fastener. The sleeve may no longer need to accommodate the forces required to fracture the mandrel, which could allow the sleeve to be designed with a thinner wall, saving on material costs.

25.    For example, Figure 1 (reproduced below) in the '358 patent shows an embodiment of the mandrel and sleeve design of Howmet's inventions.



FIG. 1

Exhibit A, '358 patent at 3.

26.    Figure 2B (reproduced below) in the '358 patent shows an embodiment of the fastener being placed in an installation tool.



FIG. 2B

Exhibit A, '358 patent at 5.

27.    Additionally, Figure 2C (reproduced below) in the '358 patent shows an embodiment of the appearance of the fastener once installed with the installation tool.



FIG. 2C

Exhibit A, '358 patent at 6.

28.    On information and belief, Stanley copied Howmet's product line in order to compete in the business of making, offering for sale, selling, distributing, and/or importing blind fasteners.

29.    Stanley's product line includes the Avdel Avbolt ECO (hereinafter the "Accused Product"), pictured below right.

**Howmet's BOMTail:**                    **Stanley's Avdel Avbolt ECO:**

        

*See BOMTail Product Overview*, HOWMET AEROSPACE, https://www.hfsindustrial.com/us/bomtail.html (last visited Oct. 28, 2025); STANLEY Engineered Fastening, *Introducing Avbolt® ECO - Structural Vibration-Resistant, Eco-Friendly LockBolt*, YOUTUBE (May 6, 2025), https://youtu.be/3LCsepgQQ9Y, (hereinafter "Avbolt Video") at 0:12.

30.     Like the BOMTail, the Avbolt ECO is designed to be used as a vibration resistant blind fastener with the sleeve material swaged to the mandrel. *See* Avbolt Video at 0:44. Additionally, like the BOMTail, the Avbolt ECO does not fracture off the mandrel, creating a corrosion resistant blind fastener. *See* Avbolt Video at 0:19.

31.     In February 2025, SEF imported an "Avbolt Eco Assembly Machine" from Warrington, United Kingdom, for which the shipment had a Bill of Lading Number PCXS2ES24120037. On information and belief, this shipment originated from Avdel. On information and belief, Stanley has and continues to manufacture the Avbolt ECO in the United States. On information and belief, Stanley has and continues to use the Avbolt ECO in the United States, including by testing the Avbolt ECO in the United States and by offering for sale and demonstrating its use to prospective customers.

32.     On May 7, 2025, Stanley offered for sale the Avbolt ECO in a Datasheet. *Avbolt® ECO*, STANLEY ENGINEERED FASTENING (May 7, 2025) https://www.stanleyengineeredfastening.com/-/media/Web/SEF/Resources/Docs/Avdel/sef-avdel-ECO-06-05-2025-1.pdf (hereinafter attached as Exhibit B, Avbolt ECO Datasheet). The Avbolt ECO Datasheet discusses the features and benefits of using the infringing Avbolt ECO product line, and provides a detailed schematic:



*Id*. at 2.

33.     Furthermore, the Avbolt ECO Datasheet shows an exemplary installation project using the Avbolt ECO:



*Id*. at 2.

34.     The Avbolt ECO Datasheet identifies the BLC40PB-35 cordless lockbolt tool and AV™ 5 Hydro-Electric Power Tool + Hydraulic Pump unit as installation tools for the Avbolt ECO. The Avbolt ECO Datasheet instructs Stanley's customers to contact them for more information on purchasing the Avbolt ECO and for an in-depth demo of the Avbolt ECO product line.

35.     Likewise, on February 5, 2025 Stanley published a Brochure & Datasheet for the BLC40PB-35 cordless lockbolt tool. *See Harness The Power Of All-New BLC40PB-35*, STANLEY

ENGINEERED FASTENING (February 5, 2025), https://www.stanleyengineeredfastening.com/-/media/Web/SEF/Resources/Docs/STANLEY-Assembly-Technologies/sef-BLC40PB-35-brochure-05022025.pdf (hereinafter attached as Exhibit 7, Stanley BLC40PB-35 Brochure). According to the Brochure & Datasheet for the BLC40PB-35 cordless lockbolt tool, it can be used to fasten an Avbolt ECO, and instructs Stanley's customers to contact them for more information and in-depth demos. *Id.* at 4.

36.     On information and belief, in September 2025, Stanley offered for sale the Avbolt ECO and its associated installation tools at the RE+ trade show in Las Vegas, Nevada, at which Stanley had the Avbolt ECO on display, in use, and for sale as shown below. STANLEY Engineered Fastening, *What a week for our U.S. team!*, LINKEDIN (September 2025), https://www.linkedin.com/posts/stanley-engineered-fastening_stanleyengineeredfastening-replus-fabtech-activity-7372219161244209152-zeVh/?rcm=ACoAAA4MINEBcNy4R_u7JxGUq-FY7UiMKVTJrf8.



*Id.*

37.     On information and belief, in 2025 Stanley began marketing and selling the LB45PT-70 NeoBolt® Tool. *See LB45PT-70 NeoBolt® Tool Operating Manual*, STANLEY ENGINEERED FASTENING, https://www.stanleyengineeredfastening.com/-/media/Web/SEF/Resources/Docs/STANLEY-Engineered-Fastening/LB45PT-70_Operating_Manual_NA.pdf (last visited Oct. 29, 2025) (hereinafter attached as Exhibit C, Stanley LB45PT-70 NeoBolt Tool Manual). Stanley's operating manual for the LB45PT-70 NeoBolt® Tool instructs the public that the Avbolt ECO can be used instead of Howmet's BOMTail product. *Id*. at 32. The BLC40PB-35 cordless lockbolt tool, LB45PT-70 NeoBolt® Tool, and AV™ 5 Hydro-Electric Power Tool + Hydraulic Pump unit (collectively, "Stanley Installation Tools") are Stanley tools which Stanley instructs customers and end-users to use to fasten/install an Avbolt ECO. Thus, on information and belief, Stanley's Avbolt ECO is and has been marketed, offered for sale and/or sold to Howmet's customers in direct competition with Plaintiff.

### 5.2.6    Recommended values

|  | | Swage length | Threshold |
|---|---|---|---|
| CPr | 12mm NeoBolt XT (Collar removal) | 14.5 | 250 |
| AU1 | 12 mm NeoBolt® XT | 9 | 250 |
| AU2 | Howmet 12 mm Bobtail® | 9 | 250 |
| AU3 | Meishan 12 mm Monotail | 8 | 225 |
| AU4 | Avbolt ECO 1/2" | Not Applicable | 700 |
| AU5 | Howmet 1/2" Bomtail® | Not Applicable | 700 |
| AU6 | Meishan 1/2" Unitail® | Not Applicable | 600 |
| AU7 | User Adjustable 1 | 8 | 250 |
| AU8 | User Adjustable 2 | 0 | 250 |

*Id*.

38.     On information and belief, Howmet's customer—Nextracker—has purchased and used the Avbolt ECO product line and a Stanley Installation Tool from Stanley. In 2025, Howmet and Nextracker had discussions about the use of Howmet's BOMTail product. During those discussions,

Nextracker confirmed that it is was no longer procuring the Meishan Unitail product and that, although Nextracker was buying the Howmet BOMTail product, its purchases from Howmet did not equate to 100% of its purchases, i.e., Howmet was not their sole supplier. Thus, on information and belief, Stanley has sold the Avbolt ECO product to Nextracker for use in their solar panel installations.

39.     Furthermore, SEF's website has a "Find a Distributor Near You" link with 249 locations in the United States, including distribution in the state of Delaware. *See Find a Distributor Near You*, STANLEY ENGINEERED FASTENING, https://www.stanleyengineeredfastening.com/en/Find-A-Distributor# (last visited Oct. 29, 2025).

40.     On information and belief, Avdel UK, Avdel Holding, and SEF are agents of each other with respect to making, using, selling, offering to sell, and/or importing fastener products throughout the United States, including in the state of Delaware, and have done and will do the same with respect to the Avbolt ECO and the Stanley Installation Tools.

41.     On information and belief, Avdel UK, Avdel Holding, and SEF are acting in concert with each other with respect to making, using, selling, offering to sell, and/or importing fastener products throughout the United States, including in the state of Delaware, and have done and will do the same with respect to the Avbolt ECO and the Stanley Installation Tools.

42.     On information and belief, SEF, in collaboration with Avdel Holding and Avdel UK, has made, used, sold, offered to sell, and/or imported the Avbolt ECO in the United States, including in the state of Delaware, and continues to collaborate to make, use, sell, offer to sell, and/or import the Avbolt ECO and the Stanley Installation Tools in the United States, including in the state of Delaware.

## COUNT I

### (INFRINGEMENT OF U.S. PATENT NO. 11,885,358)

43.     Plaintiff repeats and realleges paragraphs 1–42 as if fully set forth at length herein.

44.     Stanley has and continues to directly infringe one or more claims of the '358 patent in

this judicial district and elsewhere in the United States.

45.    On information and belief, Stanley makes, uses, sells, offers for sale, and/or imports into the United States the Accused Product and the Stanley Installation Tools.

46.    Stanley directly infringes one or more claims of the '358 patent under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by making, using, offering for sale, selling, and/or importing the Accused Product and/or the Stanley Installation Tools to install the Accused Product in an infringing manner within the United States, including in selling, distributing, and demonstrating the Accused Product and/or the Stanley Installation Tools to install the Accused Product.

47.    For example, Stanley directly infringes at least claim 1 of the '358 patent, literally and/or under the doctrine of equivalents, through its making, using, offering for sale, selling, and/or importing the Accused Product.

48.    For example, Stanley directly infringes at least claim 16 of the '358 patent, literally and/or under the doctrine of equivalents, by using the Stanley Installation Tools to install the Accused Product.

49.    The asserted claims of the '358 patent are valid, enforceable, and in full force and effect.

**A.  Claim 1 of the '358 patent**

50.    Claim 1 of the '358 Patent recites:

1. A blind fastener comprising:

    a sleeve comprising

        a first sleeve end,

        a second sleeve end,

        a cavity extending from the first sleeve end to the second sleeve end; and

14

a mandrel configured to be at least partially received by the cavity of the sleeve, the mandrel comprising

a first mandrel end disposed adjacent to the first sleeve end and comprising an enlarged portion having a diameter greater than a diameter of the cavity,

a second mandrel end comprising a pull region, and

a shank region extending intermediate the first mandrel end and the second mandrel end,

wherein the pull region comprises an axial length no greater than 4 times a diameter of the shank region and is configured to be engaged by an installation tool.

51.    As one non-limiting example of said infringement, on information and belief, the Avbolt ECO comprises a blind fastener including a sleeve with a first end and second end with a cavity extending from the first sleeve end to the second sleeve end:





*See also* Exhibit B, Avbolt ECO Datasheet at 2.

52.    On information and belief, the Avbolt ECO comprises a mandrel configured to be at least partially received by the cavity of the sleeve:





*See also* Exhibit B, Avbolt ECO Datasheet at 2.

53.    On information and belief, the Avbolt ECO comprises a first mandrel end disposed adjacent to the first sleeve end and comprising an enlarged portion having a diameter greater than a diameter of the cavity, with a second mandrel end comprising a pull region:





*See also* Exhibit B, Avbolt ECO Datasheet at 2.

54.    On information and belief, the Avbolt ECO comprises a shank region extending intermediate the first mandrel end and the second mandrel end:





*See also* Exhibit B, Avbolt ECO Datasheet at 2.

55.    On information and belief, Avbolt ECO's pull region has a length of about 11.23mm and a shank region with a diameter of about 8.32mm. The Avbolt ECO thus comprises a pull region with an axial length no greater than 4 times a diameter of the shank region:



Figure 7 - Avbolt Eco assembled dimensions

Table 1 - Comparison of Avbolt Eco (measured) and Huck BOMTail (drawing) dimensions

| Dimension | | Avbolt Eco (Measured) |
|---|---|---|
| Number (Figure 7) | Description | |
| 1 | Sleeve body Ø | 13.57 |
| 2 | Crimped sleeve body Ø (closer to collar) | 13.00 |
| 3 | Crimped sleeve body Ø (closer to head) | 13.20 |
| 4 | Head diameter | 13.85 |
| 5 | Collar diameter | 19.22 |
| 6 | Collar length | 11.21 |
| 7 | Pull groove root Ø | 8.32 |
| 8 | Pull groove crest Ø | 9.87 |
| 9 | Pull groove root length | 5.23 |
| 10 | Pull groove crest length | 4.75 |
| 11 | Sleeve underhead length | 31.35 |
| 12 | Head height | 5.80 |
| 13 | Pin protrusion | 11.23 |

*All measurements in the above table are in mm.



*See also* Exhibit B, Avbolt ECO Datasheet at 2.

56.    On information and belief, the Avbolt ECO's pull region is configured to be engaged by an installation tool, such as a Stanley Installation Tool:



*See* Avbolt Video at 0:44;



*See also* Exhibit B, Avbolt ECO Datasheet at 2.

57.    For example, the operating manual for Stanley's LB45PT-70 NeoBolt Tool states it is configured to install the Avbolt ECO. *See* Exhibit C, Stanley LB45PT-70 NeoBolt Tool Manual at 32.

58.    As another example, the Datasheet for Stanley's Avbolt ECO product line identifies multiple installation tools. Exhibit B, Avbolt ECO Datasheet at 2.

59.    The full extent of Stanley's infringement is not presently known to Plaintiff. On information and belief, Stanley has made, used, sold, offered for sale, and/or imported products under different names or part numbers that infringe claim 1 of the '358 patent in a similar manner. Plaintiff makes this preliminary identification of infringing product and infringed claim without the benefit of discovery or claim construction in this action, and expressly reserves the right to augment, supplement, and/or revise its identification based on additional information obtained through discovery or otherwise.

60.    On information and belief, Stanley has known of the '358 patent since at least May 15, 2025.  On that day, Howmet sent Stanley a letter notifying Stanley of its infringement of the '358 patent.

61.    On May 23, 2025, Stanley acknowledged receipt of Plaintiff's May 15, 2025 letter alleging infringement of the '358 patent.

62.    The parties engaged in discussions about Stanley's infringement of the '358 patent. For example, on May 29, 2025 Howmet responded to Stanley's initial questions in response to the notice letter.

63.    Stanley also has had notice of and has been aware of the '358 patent and its infringement of the '358 patent since at least the filing of this Complaint.

64.    In addition, Plaintiff has provided actual notice of the '358 patent by affixing the patent number to the packaging of the BOMTail product since, at least, May 2, 2025.

65.    On information and belief, since at least May 15, 2025 when Stanley was on notice of its infringement, Stanley has actively induced, under U.S.C. § 271(b), its distributors and/or customers that use, sell, offer for sale, import, and/or install the Accused Product that include all of the limitations of one or more claims of the '358 patent, for example claim 1, to directly infringe one or more claims of the '358 patent, for example claim 1, with knowledge, and/or with willful blindness of the fact, that the induced acts constitute infringement of the '358 patent. Stanley's distributors, customers, installers and/or end users have directly infringed and are directly infringing, either literally and/or under the doctrine of equivalents, the inventions claimed in the '358 patent through their selling, offering for sale, importing, installing and/or using the Accused Product.

66.    Stanley induces this direct infringement through its affirmative acts of manufacturing, selling, distributing, and/or otherwise making available the Accused Product, and providing technical guides, product datasheets, demonstrations, advertisements, installation guides, user manuals and other forms of support that induce its distributors, customers, and/or end users to directly infringe one or more claims of the '358 patent, for example claim 1. The Accused Product is designed in such a way

that when they are used for their intended purpose, the user infringes one or more claims of the '358 patent, for example claim 1. Stanley knows and intends that its distributors, customers, installers and/or end users that purchase the Accused Product will use that product for their intended purpose. For example, Stanley provides product brochures for the Stanley BLC40BP-35 that direct users to use Stanley's tool to install the Avbolt ECO. *See* Exhibit D, Stanley BLC40PB-35 Brochure at 3.

67.     By continuing to make, use, sell, offer to sell, and/or import the Accused Product after Stanley first had notice of Howmet's allegations of infringement, Stanley has indirectly infringed and continues to indirectly infringe by contributing to the infringement of one or more claims of the '358 patent, for example claim 1, pursuant to 35 U.S.C. § 271(c). Stanley's affirmative acts of manufacturing, selling, offering for sale, and/or importing the Accused Product, in this District and elsewhere in the United States, contribute to Stanley's customers and end-users directly infringing claim 1 of the '358 patent with the Accused Product. The Accused Product is not a staple article or commodity of commerce, has no substantial non-infringing uses, and is known by Stanley to be especially made and/or especially adapted for use in infringement of claim 1 of the '358 patent. Stanley has performed and continues to perform these affirmative acts with knowledge of the '358 patent and with the intent, or willful blindness, that they cause the direct infringement of claim 1 of the '358 patent.

### B. Claim 16 of the '358 patent

68.     Claim 16 of the '358 patent recites:

1. A method for fastening, the method comprising:

inserting a first mandrel end of a blind fastener into a bore in a structure, the blind fastener comprising

    a sleeve comprising

        a first sleeve end,

23

a second sleeve end,

a cavity extending from the first sleeve end to the second sleeve end; and

a mandrel configured to be at least partially received by the cavity of the sleeve, the mandrel comprising

a first mandrel end disposed adjacent to the first sleeve end and comprising an enlarged portion having a diameter greater than a diameter of the cavity,

a second mandrel end comprising a pull region, and

a shank region extending intermediate the first mandrel end and the second mandrel end,

wherein the pull region comprises an axial length no greater than 4 times a diameter of the shank region and is configured to be engaged by an installation tool;

engaging a collet of the installation tool with the pull region of the blind fastener;

after the inserting, forcibly contacting the second sleeve end of the blind fastener with an anvil of the installation tool and moving the pull region distal from the second sleeve end utilizing the collet of the installation tool; and

deforming the sleeve on a first side of the structure, and swaging the second sleeve end onto the shank region on an oppositely disposed second side of the structure, thereby securing at least a portion of the blind fastener in the structure.

69.    As one non-limiting example of said infringement, on information and belief, the method for installing the Avbolt ECO requires a user to insert a first mandrel end of the Avbolt ECO into a bore in a structure:



*See* Avbolt Video at 0:41.

70.    On information and belief, for the reasons set out previously in paragraphs 51–58, the Avbolt ECO is the blind fastener inserted into a bore in a structure, with the Avbolt ECO comprising a sleeve with a first end and second end with a cavity extending from the first sleeve end to the second sleeve end, a mandrel configured to be at least partially received by the cavity of the sleeve, the mandrel comprising a first mandrel end disposed adjacent to the first sleeve end and comprising an enlarged portion having a diameter greater than a diameter of the cavity, a second mandrel end comprising a pull region, and a shank region extending intermediate the first mandrel end and the second mandrel end, wherein the pull region comprises an axial length no greater than 4 times a diameter of the shank region and is configured to be engaged by an installation tool. *See supra* ¶¶ 51–58.

71.    On information and belief, a user must then engage a collet of a Stanley Installation Tool, for example the Stanley BLC40BP-35, with the pull region of the Avbolt ECO:



*See* Avbolt Video at 0:42;



*See also* Exhibit B, Avbolt ECO Datasheet at 2.

72.    On information and belief, a user must then, after the inserting, forcibly contract the second sleeve end of the Avbolt ECO with an anvil of the Stanley Installation Tool and move the pull region distal from the second sleeve end utilizing the collet of the Stanley Installation Tool:



*See* Avbolt Video at 0:43–0:45.

73.     On information and belief, a user must then deform the sleeve on a first side of the structure:



*See* Avbolt Video at 0:45.

74.    On information and belief, a user must then swage the second sleeve end onto the shank region on an oppositely disposed second side of the structure, thereby securing at least a portion of the Avbolt ECO in the structure:



*See id.*;



*See also* Exhibit B, Avbolt ECO Datasheet at 2.

75. The full extent of Stanley's infringement is not presently known to Plaintiff. On information and belief, Stanley used Stanley Installation Tools under different names or part numbers, the use of which to fasten an Avbolt ECO infringes claim 16 of the '358 patent in a similar manner. Plaintiff makes this preliminary identification of Stanley Installation Tools and infringed claim without the benefit of discovery or claim construction in this action, and expressly reserves the right to augment, supplement, and/or revise its identification based on additional information obtained through discovery or otherwise.

76. On information and belief, since at least May 15, 2025 and no later than the filing of this Complaint, Stanley was on notice of its infringement. *See supra* ¶¶ 60–64. Stanley has actively induced, under U.S.C. § 271(b), its customers and end-users to use a Stanley Installation Tool to fasten the Accused Product in a manner which meets all of the limitations of claim 16, and thus, directly infringes claim 16 of the '358 patent, with knowledge, and/or with willful blindness of the fact, that the induced acts constitute infringement of claim 16 of the '358 patent. Stanley's distributors, customers, installers and/or end users have directly infringed and are directly infringing, either literally and/or under the doctrine of equivalents, the methods claimed in claim 16 through their using the Stanley Installation Tools to fasten the Accused Product.

77. Stanley induces this direct infringement through its affirmative acts of manufacturing, selling, distributing, and/or otherwise making available the Accused Product and Stanley Installation Tools, and providing technical guides, product datasheets, demonstrations, advertisements, installation guides, user manuals and other forms of support that induce its customers and/or end users to directly infringe claim 16 of the '358 patent. The Accused Product is designed in such a way that when they are used for their intended purpose, the user infringes claim 16 of the '358 patent. Stanley knows and intends that its distributors, customers, installers and/or end users that purchase the Accused Product

will use that product for their intended purpose. For example, Stanley provides an Avbolt ECO datasheet that directs users to use the Stanley BLC40BP-35 or AV™ 5 Hydro-Electric Power Tool + Hydraulic Pump unit to install the Avbolt ECO. *See* Exhibit B, Avbolt ECO Datasheet at 2. Stanley's brochure for the BLC40BP-35 instructs users that it is to be used for the installation of the Avbolt ECO. Exhibit D, Stanley BLC40PB-35 Brochure. Additionally, Stanley's operating manual for the LB45PT-70 instructs users that the LB45PT-70 is to be used for the installation of the Avbolt ECO. Exhibit C, LB45PT-70 NeoBolt® Tool Operating Manual at 32.

78.    On information and belief, Howmet has suffered and continues to suffer damages as a result of Stanley's infringement of the '358 patent in an amount to be determined at trial.

79.    On information and belief, Stanley's infringement of the '358 patent is causing irreparable harm for which Howmet has no adequate remedy at law unless Stanley is enjoined by this Court. Under 35 U.S.C. § 283, Howmet is entitled to a permanent injunction against further infringement of the '358 patent.

80.    On information and belief, Stanley has continued with its infringement after receiving notice from Howmet, despite the objectively high likelihood that its actions constitute infringement and Stanley's subjective knowledge of this obvious risk. As Stanley has no good faith belief that it does not infringe the '358 patent, Stanley's continued infringement is willful and deliberate, entitling Howmet to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## JURY DEMAND

81.    Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

82.    Plaintiff respectfully requests that the Court find in its favor and against Stanley and

that the Court grant Plaintiff the following relief:

    a.   A judgment that Stanley has directly infringed the Asserted Patent as alleged herein;

    b.   A judgment that Stanley has indirectly infringed the Asserted Patent as alleged herein;

    c.   A permanent injunction against Stanley and their affiliates, subsidiaries, assignees, employees, agents or anyone acting in privity or concert with them from infringing the Asserted Patent, including enjoining the making, having made, offering to sell, selling, using, or importing into the United States products claimed in any of the claims of the Asserted Patent; using or performing methods claimed in any of the claims of the Asserted Patent; inducing others to use and perform methods that infringe any claim of the Asserted Patent; or contributing to others using and performing methods that infringe any claim of the Asserted Patent, until the expiration of the Asserted Patent.

    d.   A judgment for an accounting of all damages, past and future, including lost profits, sustained by Plaintiff as a result of the acts of infringement by Stanley;

    e.   A judgment and order requiring Stanley to pay Plaintiff damages under 35 U.S.C. § 284, including up to treble damages as provided by 35 U.S.C. § 284, and any royalties determined to be appropriate;

    f.   A judgment and order requiring Stanley to pay Plaintiff pre-judgment and post-judgment interest on the damages awarded;

    g.   A judgment and order finding this to be an exceptional case and requiring Stanley to pay the costs of this action (including all disbursements) and attorneys' fees as provided by 35 U.S.C. § 285; and

    h.   Such other and further relief as the Court deems just and equitable.

**Dated:** October 31, 2025

*Of Counsel:*

Scott Bornstein (pro hac forthcoming)
Brian Prew (pro hac forthcoming)
Vimal Kapadia (pro hac forthcoming)
One Vanderbilt Avenue
New York, NY 10017
(212) 801-9200
Scott.Bornstein@gtlaw.com
prewb@gtlaw.com
Vimal.Kapadia@gtlaw.com

GREENBERG TRAURIG, LLP

*/s/ Benjamin J. Schladweiler*
Benjamin J. Schladweiler (#4601)
222 Delaware Ave., Suite 1600
Wilmington, DE 19801
(302) 661-7000
schladweilerb@gtlaw.com

*Attorneys for Plaintiff Howmet Aerospace Inc.*